UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARC ALEXANDER; TIMOTHY CLARK;
GEORGE FRYE; ROBERT A. MOORE;
ANGELA MOORE; RICHARD SAXBERG;
JOSH DAVID REEDY,
Plaintiffs-Appellants,

v.

YVONNE TYLER, individually and in her
official capacity; M. H. ESTEPP,

No. 98-1241

individually and in his capacity as Fire
Chief; PRINCE GEORGE'S COUNTY,
MARYLAND; MAUREEN HENNESSY,
individually and in her official
capacity; WILLIAM H. GODDARD,
individually and in his official
capacity,
Defendants-Appellees.

MARC ALEXANDER; TIMOTHY CLARK;
GEORGE FRYE; ROBERT A. MOORE;
ANGELA MOORE; RICHARD SAXBERG;
JOSH DAVID REEDY,
Plaintiffs-Appellees,

v.

No. 98-1321

YVONNE TYLER, individually and in her
official capacity; M. H. ESTEPP,
individually and in his capacity as Fire
Chief; PRINCE GEORGE'S COUNTY,
MARYLAND; MAUREEN HENNESSY,

individually and in her official capacity; WILLIAM H. GODDARD, individually and in his official capacity,
Defendants-Appellants.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (CA-93-2636-AW, CA-94-2090-AW)

Argued: March 3, 1999

Decided: May 14, 1999

Before WILKINSON, Chief Judge, and MICHAEL and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Daniel F. Goldstein, BROWN, GOLDSTEIN & LEVY, L.L.P., Baltimore, Maryland, for Appellants. Henry Robbins Lord, PIPER & MARBURY, L.L.P., Baltimore, Maryland, for Appellees.
**ON BRIEF:** Joseph B. Espo, BROWN, GOLDSTEIN & LEVY, L.L.P., Baltimore, Maryland, for Appellants. Ann L. Lamdin, PIPER & MARBURY, L.L.P., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

2

**OPINION**

PER CURIAM:

Plaintiffs, seven applicants for firefighter positions in Prince George's County, Maryland, brought a civil rights suit against county officials alleging race and sex discrimination in hiring. After plaintiffs were awarded certain relief, they applied to the district court for attorney's fees under 42 U.S.C. § 1988(b). The court granted some but not all of the requested fees. Both sides now appeal the fee award. Finding no error, we affirm.

I.

Plaintiffs, who are white, filed their original §§ 1981 and 1983 complaint in September 1993, claiming that they were not hired by the Prince George's County Fire Department because of their race or sex. The complaint alleged that the Fire Department was able to exclude plaintiffs from hire through a series of "dirty tricks," such as permitting some minority applicants to retake qualifications tests and altering the test scores of some applicants. For relief, plaintiffs requested jobs with the Fire Department, permanent injunctive relief against illegal hiring practices, and compensatory and punitive damages. About seven months later, after some discovery, plaintiffs filed an amended complaint. They added an allegation that the Fire Department hired applicants pursuant to an affirmative action plan targeted at hiring a percentage of minorities and women in proportion to their representation in the Prince George's County work force. In addition to the relief requested in the original complaint, the amended complaint asked for a declaration that the Fire Department's (or county's) affirmative action hiring plan was illegal.

Ultimately, plaintiffs' "dirty tricks" allegations were not borne out, and the district court granted summary judgment for defendants on these allegations. The district court also upheld (in the summary judgment for defendants) the Fire Department's affirmative action plan, concluding that it was supported by a compelling interest and that it was narrowly tailored. Plaintiffs appealed, and we reversed in part and affirmed in part. We held, among other things, (1) that the department's affirmative action plan was not narrowly tailored, (2) that fur-

ther proceedings were necessary to determine whether plaintiff Josh Reedy would have been hired but for the existence of the plan, and (3) that the remaining plaintiffs were not denied employment with the department because of their race or sex. See Alexander v. Estepp, 95 F.3d 312 (4th Cir. 1996). The case was therefore remanded.

On remand the district court granted summary judgment to plaintiff Reedy as to liability, and thereafter defendants settled with him on damages. The district court entered declaratory and injunctive relief in favor of all plaintiffs, declaring the Fire Department's affirmative action plan to be unconstitutional and enjoining the department from hiring until new procedures (to be approved by the court) were in place.

Section 1988(b) of Title 42 permits a successful§ 1983 (and § 1981) plaintiff to recover attorney's fees, and plaintiffs here moved for fees of $266,158.76. The district court agreed that fees should be allowed, but refused plaintiffs' proposed lodestar calculation (reasonable hourly rate multiplied by hours worked) on the ground that plaintiffs had only partially succeeded (only one out of seven got monetary damages, although all got injunctive relief). As a result, the court awarded only $177,555.76. Both sides appeal the award.

II.

Section 1988(b) allows a district court to award attorney's fees to a prevailing plaintiff in a civil rights action like this one. Plaintiffs, of course, were awarded fees, but they argue that the district court erred in cutting their request. Plaintiffs rely mainly on some general language from the Supreme Court: if a plaintiff has"obtained excellent results, his attorney should recover a fully compensatory fee." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). See also id. at 440 (a plaintiff who has a series of related claims and"has won substantial relief should not have his attorney's fee reduced simply because . . . the district court did not adopt each contention raised."). Plaintiffs argue that they "obtained excellent results" in securing the injunction and that even though the district court "did not adopt each contention raised," they are entitled to a full fee award. In the end, however, it boils down to whether the district court exercised sound discretion in cutting the fee request.

We start with the statute:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). It is not seriously contested that plaintiffs are "prevailing parties." To "prevail," a plaintiff must succeed on at least one significant issue. See Hensley v. Eckerhart , 461 U.S. 424, 433 (1983) (parties are "`prevailing parties' for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."); Farrar v. Hobby, 506 U.S. 103, 111-12 (1992) (a party prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). Plaintiffs here prevailed under this standard; they all obtained a declaration that the Fire Department's affirmative action plan was unconstitutional and an injunction prohibiting the department from hiring until new procedures were adopted. In addition, one plaintiff received damages.

We turn, then, to a consideration of whether the district court properly exercised its discretion in setting (or cutting) the fee. The statutory grant of authority to a district court is broad: "the court, in its discretion may allow . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b) (emphasis added). So long as a court exercises its discretion, the statutory language permits it to award the full fee requested, some part of it, or no fee at all. The statute is supplemented by case law that describes how discretion is to be exercised in the determination of a reasonable fee. A court must "engag[e] in [a] measured exercise of discretion," that is, it must consider the circumstances of the case and state its reasons for awarding or denying a fee. Farrar, 506 U.S. at 114; see also Hensley, 461 U.S. at 437 (noting that attorney's fee determination is committed to the discretion of the district court, as long as it provides "a concise but clear explanation of its reasons for the fee award.").

5

The Supreme Court has recognized twelve factors, sometimes called the Johnson factors, that bear on the determination of reasonableness.* Although a district court is not required to recite each of the twelve factors in its fee decision, see Farrar , 506 U.S. at 103, it is especially important for the court to make clear that it has considered the eighth factor, the level of the plaintiff's success, and explain how the level of success (or the results obtained) relates to the fee awarded, see Hensley, 461 U.S. at 440 (holding that "the extent of a plaintiff's success is a critical factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988.").

The district court in this case considered the twelve Johnson factors one by one and found that some of them "are applicable [and] some aren't." The court concluded that several of the factors weighed in favor of plaintiffs' attorneys: the time and labor required to litigate the case (factor 1), the general skills plaintiffs' attorneys applied to the case (factor 3), the experience, reputation, and ability of the attorneys (factor 9), and the good rapport between plaintiffs and their attorneys (factor 11). The district court recognized, however, that factor 8 (the extent of the plaintiffs' success) "is the key factor." The court said:

> I look at number eight to look at the success. I will certainly say that the case was vigorously pursued by both sides. There was some success on both sides. The county certainly lost the main claim, which would be the constitutionality of

_____

*These factors, taken from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), and listed by the Supreme Court in Hensley, 461 U.S. at 430 n.3, are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

6

the plan. The plan was struck down in violation of constitutional cases and the law that the Supreme Court has previously announced. But by the same token, only individual relief could be obtained by one plaintiff, Mr. Reedy. The others, because of where they came on the test and on the list, they simply were not able to join in and share with any damages or reinstatement or personal injunctive relief. They did, of course, receive general injunctive relief against the enforcement of a plan that was unconstitutional and their general interest in seeing that the county play by the rules that they should have been.

So there's some success, some [lack of] success, and I'm going to look at the proportionality of the degree of success and the fees generated to shove off some of the hours . . . .

The district court then examined the hours logged by each of plaintiffs' attorneys and reduced them to a number the court determined to be "reasonably expended." This generated a total fee and expense award of $177,555.76.

We conclude that the district court exercised an appropriate measure of discretion, and gave an adequate explanation, in deciding to cut a certain number of hours included in the fee request submitted by plaintiffs' attorneys. In particular, the court was careful to relate the fees awarded to the degree of success. Contrary to plaintiffs' suggestion, the district court did not reduce fees in proportion to the percentage of claims on which plaintiffs obtained a damage award. Rather, the court simply recognized, as plaintiffs themselves do, that they did not "achieve[ ] all of their goals" or obtain "all of the relief they sought," Reply Brief at 12, and reduced fees to reflect this not entirely successful result. Because the district court acted within its discretion, we also reject defendants' argument on cross-appeal that deeper cuts were required. We therefore affirm the district court's order that set fees and expenses.

AFFIRMED

7